SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

July 25, 2024

Marlon Thomas
SBI #00257001
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: *State of Delaware v. Marlon Thomas,* Def. ID No. 2008012702
     Motion for Reconsideration and Supplemental Filing
     Second Motion for Substitute Postconviction Counsel

Dear Mr. Thomas:

On October 12, 2021, after a bench trial before me, you were convicted of Second Degree Rape, a Class B felony, and Third Degree Unlawful Sexual Contact, a Class A misdemeanor. On December 10, 2021, I sentenced you to 55 years at Level V, suspended after 25 years for decreasing levels of supervision. You appealed directly to the Delaware Supreme Court, which affirmed your conviction on March 8, 2023.

On June 5, 2023, you filed a *pro se* Petition for Postconviction Relief with me under Delaware Superior Court Criminal Rule 61 (the "Petition"). In the Petition,

you made certain allegations about ineffective assistance of counsel with respect to your representation by Zachary George, Esquire ("Trial Counsel") and Santino Ceccotti, Esquire ("Appellate Counsel"). In the Petition, you requested that I hold an evidentiary hearing[1] and that I appoint postconviction counsel ("Postconviction Counsel") to represent you.

On June 14, 2023, I ordered the appointment of Postconviction Counsel. On December 7, 2023, Patrick J. Collins, Esquire was appointed as Postconviction Counsel. On January 23, 2024, Postconviction Counsel requested that the record be expanded to include affidavits from both Trial Counsel and Appellate Counsel[2] and that both the Trial Counsel Affidavit and the Appellate Counsel Affidavit be filed before the State's Answer and your Reply. The Trial Counsel Affidavit was filed on April 22, 2024, and the Appellate Counsel Affidavit was filed on April 19, 2024.

On February 29, 2024, I received a letter from Postconviction Counsel stating that, having found none of your claims meritorious, he had filed a Motion to Withdraw as Postconviction Counsel on that same date.[3] Your Response to the Motion to Withdraw was due by March 29, 2024 (30 days).[4] You filed your

---

[1] Super. Ct. Crim. R. 61(h).
[2] Super. Ct. Crim. R. 61(g)(2).
[3] Super. Ct. Crim. R. 61(e)(7).
[4] *Id.*

2

Response late, on June 17, 2024, in which you objected to Mr. Collins' withdrawal and requested the appointment of another postconviction counsel to represent you.

On February 1, 2024, I entered a further Amended Scheduling Order for the filing of an Amended Rule 61 Petition by Postconviction Counsel by March 7, 2024, the State's Response by May 8, 2024, and your Reply, if any, by May 23, 2024. Since Postconviction Counsel had withdrawn, there was no Amended Petition, and I relied on your *pro se* June 5, 2023 Petition. The State filed its Answer on April 16, 2024. You never filed a Reply.

In a Memorandum Opinion and Order dated June 28, 2024, I denied your (1) Objection to Withdrawal of Postconviction Counsel, (2) request for Appointment of New Postconviction Counsel, (3) request for an Evidentiary Hearing, and (4) Rule 61 Petition.

On July 5, 2024, you filed a Motion for Reconsideration and Supplemental Filing and a Second Motion for Substitute Postconviction Counsel. You argue that under the Confrontation Clause of the Sixth Amendment to the United States Constitution you are entitled to call the chief investigator in your case. You also request that I reconsider all the *pro se* claims you made before the appointment of Postconviction Counsel. You further request that I give you additional time to supplement your original claims. Finally, you again request the appointment of another Postconviction Counsel to assist you with this work.

These issues have been addressed and decided previously. Nothing has changed with respect to the facts and the law since your earlier Motions, and I deny your new Motions for the same reasons I have already stated in my June 28, 2024 Opinion.

Your Motion for Reconsideration and Supplemental Filing and your Second Motion for Substitute Postconviction Counsel are therefore summarily dismissed[5] and **DENIED**.

It is so **ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:    Prothonotary
       Nichole D. Gannett, Esquire, Deputy Attorney General
       Patrick J. Collins, Esquire

---

[5] Under Super. Ct. Crim. R. 61(d)(5).